UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, *et al.*,[1] ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00008-SNLJ |
| ) | |
| ELON MUSK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Ronald Satish Emrit, proceeding *pro se*, filed this lawsuit against defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency, seeking $500 billion in damages and injunctive relief. [Doc. 1]. This matter is before the Court on Emrit's motion for leave to proceed *in forma pauperis* ("IFP motion") [Doc. 2] and for review of the Complaint [Doc. 1]. Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After reviewing the IFP motion and the Complaint, the Court will grant the motion but dismiss the case due to improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

---

[1] Emrit lists another plaintiff in the caption: "Presidential Action Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America." Artificial entities may only appear in court through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Further, the entity is not mentioned elsewhere in the Complaint, and there is no explanation of its connection to the case. [Doc. 1].

## I.  BACKGROUND

Emrit is an extremely prolific litigant with a history of filing frivolous lawsuits. *See Emrit v. Combs,* Civil Action No. 24-CV-0129, 2024 WL 199548, at *1 n.1 (E.D. Pa. Jan. 18, 2024) (documenting Emrit's history of filing frivolous cases).  A search of his name in the federal judiciary's Public Access to Court Electronic Records (PACER) produces a list of 607 district court cases and 392 appeals.[2]  Several federal courts have imposed filing restrictions on Emrit based on a pattern of abusive litigation.  *See Emrit v. Jules*, 4:23-cv-00908-MTS, 2023 WL 4706005 (E.D. Mo. July 24, 2023) (collecting cases).

Additionally, Emrit "has an apparent penchant for filing the same case … in multiple districts." *Emrit v. Musk*, CV-25-08-BLG-SPW-TJC, 2025 WL 1057060 (D. Mont. Mar. 20, 2025) (citations omitted).  Emrit filed duplicative complaints against the same defendants in at least thirty federal courts across the country.  *Emrit v. Musk*, CV-25-08-BLG-SPW-TJC, 2025 WL 1057060 (D. Mont. Mar. 20, 2025), *report and recommendation adopted,* CV-25-08-BLG-SPW, 2025 WL 1042811 (D. Mont. Apr. 8, 2025) (collecting cases).  The Court will take judicial notice of those cases.[3]

---

[2] *See* PACER case locator visited on August 25, 2025:
https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=97a419a85e534ae8840fa540b84d18cc (607 district court cases)
https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=bde5975441694911882644a59451e54f (392 appeals)

[3] A federal district court may take judicial notice of public records and judicial opinions. *See Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (explaining that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue").

2

Emrit also has a history of filing lawsuits in venues that have no connection to the parties or claims. Prior to filing this case, Emrit had filed three cases in this district, all of which were dismissed for improper venue. *See Emrit v. The Grammy Awards on CBS*, 1:24-cv-00003-SNLJ, Doc. 3 (E.D. Mo. Jan. 16, 2024); *Emrit v. Jules*, 4:23-cv-00908-MTS, Doc. 3 (E.D. Mo. July 24, 2023); *Emrit v. United States Department of Education, et al.*, 1:20-cv-00035-JAR, Doc. 3 (E.D. Mo. Feb. 20, 2020).

## II. DISCUSSION

The Court has reviewed the Complaint and finds that there is no basis for venue in the Eastern District of Missouri. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Emrit, a resident of Florida and Maryland, alleges that defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson (R-Louisiana), and the Department of Government Efficiency "are trying to make one trillion dollars worth of budget cuts" that would "affect the lives of poor people of all races and ethnicities in the United States." [Doc. 2 at ¶¶ 17, 39]. Emrit does not allege that any of the defendants reside in the Eastern District of Missouri, or that any part of the events or omissions giving rise to his alleged claims occurred here. Indeed, he makes no attempt to establish that any

3

defendant is subject to personal jurisdiction in this Court or that venue is proper here. Instead, he alleges "the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter[.]" [Doc. 1 ¶ 12].

When a case is filed in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transferring this case is not in the interest of justice because multiple district courts have dismissed duplicative complaints as frivolous. *See, e.g., Emrit v. Musk*, C25-0118-KKE, 2025 WL 1331827 (W.D. Wash. May 7, 2025); *Emrit v. Musk*, CV 25-96, 2025 WL 1482997 (E.D. La. Apr. 23, 2025); *Emrit v. Musk*, 3:25-CV-00007-RRB, 2025 WL 1105176 (D. Alaska Apr. 14, 2025); *Emrit v. Musk*, 25-CV-15-JFH-GLJ, 2025 WL 691692 (E.D. Okla. Mar. 4, 2025); *Emrit v. Musk*, 1:25-cv-008, 2025 WL 552876 (D.N.D. Jan. 31, 2025), *report and recommendation adopted,* 1:25-CV-008, 2025 WL 548747 (D.N.D. Feb. 19, 2025); *Emrit v. Musk*, CV-25-08-BLG-SPW-TJC, 2025 WL 1057060 (D. Mont. Mar. 20, 2025), *report and recommendation adopted*, CV-25-08-BLG-SPW, 2025 WL 1042811 (D. Mont. Apr. 8, 2025). Additionally, Emrit's appeals of district court orders dismissing such complaints have been unsuccessful. *See Presidential Candidate No. P60005535 v. Musk*, 25-341, 2025 WL 2355805 (2d Cir. May 30, 2025) (addressing three appeals filed by Emrit and dismissing one appeal as frivolous and two appeals for lack of jurisdiction); *Emrit v. Musk*, 25-1221, 2025 WL 1367815 (3d Cir. May 12, 2025) (dismissing appeal as frivolous); *Emrit v. Musk*, 25-1669, 2025 WL 1652419 (9th Cir. Mar. 28, 2025)

4

(dismissing appeal as frivolous); and *Emrit v. Musk*, 25-5015, 2025 WL 1202111 (10th Cir. Apr. 25, 2025) (affirming dismissal for improper venue).

The Honorable Jodi W. Dishman of the U.S. District Court for the Western District of Oklahoma was the first to review and dismiss an identical complaint against the defendants.[4] *See Presidential Candidate No. P60005535 v. Musk*, No. CIV-25-00022-JD, 2025 WL 84988, at *1 (W.D. Okla. Jan. 13, 2025). Judge Dishman identified and discussed numerous deficiencies in the complaint, dismissing it as frivolous and for failure to state a claim. *Id.* at *2. Subsequently, district courts in Pennsylvania and New York adopted Judge Dishman's analysis and summarily dismissed identical complaints as frivolous and for failure to state a claim. *See Emrit v. Musk*, CV 25-61, 2025 WL 215220, *2 (W.D. Pa. Jan. 16, 2025) and *Emrit v. Musk*, 1:25-CV-0059 (GTS/TWD), 2025 WL 1296520 (N.D.N.Y. Jan. 23, 2025), *report and recommendation adopted*, 1:25-CV-0059 (GTS/TWD), 2025 WL 1294412 (N.D. May 5, 2025). Likewise, this Court agrees with Judge Dishman's analysis and decision that the Complaint is frivolous.

For the reasons stated, the Court concludes that dismissing this case is the proper remedy under § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**.

---

[4] The Court compared the two complaints, and the only difference is the identification of the court in which each complaint was filed. [Doc. 1] and *Presidential Candidate No. P60005535 v. Musk*, No. CIV-25-00022-JD, Doc. 1 (W.D. Okla. Jan. 7, 2025).

5

**IT IS FURTHER ORDERED** that this matter is **DISMISSED with prejudice** for improper venue.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would be frivolous and not filed in good faith.

**SO ORDERED** this 28th day of August, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE